IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PHILLIP CHIPPING, *an individual*,<br><br>Plaintiff,<br><br>v.<br><br>FLEMING LAW FIRM, *a Michigan Professional Domestic Limited Liability Company*, SHERRI T. FLEMING, *an individual*, and DOES 1 through 50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No.  2:11-cv-783-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Phillip Chipping filed this action against the Fleming Law Firm, Sherri Fleming, and Does 1 through 50 on August 29, 2011, alleging claims for fraud in the inducement, negligent misrepresentation, breach of fiduciary duty, breach of contract, and promissory estoppel.  (ECF No. 2.)   Defendants Fleming Law Firm and Sherri Fleming (collectively, the "Fleming Defendants") now move to join a number of new parties, some as required parties under Federal Rule of Civil Procedure 19(a)—Darryl Gray, Bryant Bembery, Terry Hester, Lawrence C. Smith, LYS Consulting Firm, and Gene Parrish—and others as real parties in interest under Rule 17(a)—New Freedom Group LLC, Gene Parrish, and Louis Parrish.  (ECF Nos. 35, 36, 37, 38, 40, 41.)

Because Mr. Chipping brings his causes of action on the basis of his agreement with the Fleming Defendants, the Court[1] finds that the parties the Fleming Defendants now seek to add do not constitute required parties.  The Court therefore denies the motions for joinder under Rule

---

[1] On October 30, 2012, Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. section 636(b)(1)(A).  (ECF No. 47.)

19(a). The Court denies Defendants' motion to join real parties in interest under Rule 17(a), or in the alternative to join Gene Parrish as a required party, for substantially the same reason—Mr. Chipping seeks to enforce an agreement between himself and the Fleming Defendants; the particular agreement at issue plays a discreet role in a larger transaction, but Mr. Chipping does not seek relief from the larger transaction. Similarly, the Fleming Defendants have not asked to assert third party claims against these other potential parties for their role in the transaction at issue. Under these circumstances, these additional parties are not required parties. Finally, the Court denies as moot Defendant's Motion for Protective Order since the Court has now ruled on the pending joinder motions.

## **BACKGROUND**[2]

In fall 2010, Phillip Chipping sought a short-term, guaranteed investment opportunity. Mr. Chipping worked with Gene Parrish to identify investment opportunities. In December 2010, Bryant Bemberry contacted Gene Parrish about a "soft-money escrow fund" investment opportunity. Mr. Bembery introduced Gene Parrish to Terry Hester, who sought $250,000 to fund such a transaction. Mr. Chipping ultimately invested $250,000.

As part of the transaction, Mr. Chipping contends he entered into an escrow agreement with the Fleming Defendants by way of a December 2010 letter (the "Escrow Agreement") sent from Ms. Fleming to Gene Parrish. Pursuant to the Escrow Agreement, Mr. Chipping wired $250,000 to an escrow account managed by the Fleming Defendants with the expectation the Fleming Defendants would return the $250,000 principal plus a participation fee of another $250,000 to Mr. Chipping's account within 15 banking days. The Fleming Defendants guaranteed this return in the Escrow Agreement. However, more than 15 banking days later Mr.

---

[2] The facts below come primarily from the Complaint, and the parties submit their briefing on such facts for purposes of argument only. (Defs.' Br. 7 n.1, ECF No. 42.)

Chipping still had not received his payout. After not receiving the funds, Mr. Chipping and Gene Parrish communicated with Dr. Lawrence Smith, a representative of LYS Consulting Firm—the entity with which Mr. Chipping believed he had engaged in the larger investment opportunity. Dr. Smith in turn referred Gene Parrish to Darryl Gray, who vouched for Dr. Smith and held himself out as Dr. Smith's partner on at least some transactions. After months of discussions, questions, and unmet promises of increased returns, Mr. Chipping filed this action against the Fleming Defendants and Does 1 through 50.

The Fleming Defendants now seek to add Darryl Gray, Bryant Bembery, Terry Hester, Lawrence C. Smith, LYS Consulting Firm, and Gene Parrish as required parties. The Fleming Defendants claim the Escrow Agreement forms one part of a larger agreement involving these additional parties.

The Fleming Defendants also filed a motion to join New Freedom Group LLC ("NFG"), Gene Parrish, and Louis Parrish as real parties in interest under Rule 17(a). In the alternative, the Fleming Defendants ask this Court to join Gene Parrish as a required party.

## DISCUSSION

### I. Rule 19 Required Parties

Courts apply a three-step process in deciding whether to order joinder of an absent party under Federal Rule of Civil Procedure 19. "First, the court must determine whether the absent person is 'necessary.'"[3] *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). "If the absent person is necessary, the court must then determine whether joinder is

---

[3] "The language of Rule 19(a), since the 2007 amendments to the Federal Rules of Civil Procedure, is cast in terms of 'required' parties." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1285 n.3 (10th Cir. 2012). The 2007 changes were "intended to be stylistic only," Fed. R. Civ. P. 19, Committee Note to 2007 Amendment.

'feasible.'" *Id.* (citing Fed. R. Civ. P. 19(a)–(b)). "Finally, if joinder is not feasible, the court must decide whether the absent person is 'indispensable.'" *Id.*

The Court finds Darryl Gray, Bryant Bemberry, Terry Hester, Lawrence C. Smith, LYS Consulting Firm, and Gene Parrish (the "Proposed Parties") do not constitute required parties. A party is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Fleming Defendants signed and sent the Escrow Agreement to Gene Parrish on December 25, 2010. Under the terms of the Escrow Agreement, the Fleming Defendants agreed to "irrevocably return your $250,000, to the account you sent it from within 15 banking days from the time it is received, as well as an additional $250,000 as a participation fee for your involvement." (Compl. 3, ECF No. 2.) The parties do not dispute that the account and the $250,000 principal referred to in the Escrow Agreement belonged to Mr. Chipping. Mr. Chipping claims Gene Parrish acted as his agent, and the Fleming Defendants claim he acted as the representative of the joint venture.

The Fleming Defendants attempt to characterize their role in the transaction as that of a mere middleman, with the Proposed Parties being the actual parties to Mr. Chipping's initial and subsequent agreements. However, the record before the Court clearly indicates the Fleming Defendants, through the Escrow Agreement, guaranteed payment back to Mr. Chipping's personal account. Mr. Chipping brings this action on the basis of the Escrow Agreement and that

guarantee—not on the basis of any subsequent communications or agreements with Dr. Smith, Darryl Gray, or anyone else.  The Fleming Defendants claim all of these communications constitute one big agreement.

Because Mr. Chipping brings this case on the basis of the Escrow Agreement alone, the absence of the Proposed Parties does not prevent this Court from according complete relief.  *See* Fed. R. Civ. P. 19(a).  Nor have the Fleming Defendants shown that the absence of any of the Proposed Parties would impede the ability of any of the Proposed Parties to protect their interests or leave the Fleming Defendants at substantial risk of multiple liability or inconsistent obligations.  *Id.*  That Gene Parrish may have acted as Mr. Chipping's agent in setting up the investment does not require his joinder.  *See* 7 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1613 (3d ed. 2001) (citing *B.L. Schrader, Inc. v. Anderson Lumber Co.*, 257 F. Supp. 794 (D. Md. 1966)).

The Court notes the Fleming Defendants bring this motion as one for required joinder under Rule 19(a) and not permissive joinder under Rule 20.  A plaintiff has an interest in controlling his own litigation.  S*ee* Wright & Miller, *supra*, § 1602.  To the extent Mr. Chipping chooses not to pursue other possible defendants, he does so at his peril.  Given the ambiguity of the evidence submitted, the Court will not add parties that Plaintiff has decided to exclude.  If the finder of fact determines the Escrow Agreement does not bind the Fleming Defendants for some reason or finds an affirmative defense in the Fleming Defendants' favor, Mr. Chipping will have to suffer the consequences of his choice.  If the finder of fact determines the Fleming Defendants have complete liability under the Escrow Agreement, they will suffer the consequences of not having made a third party claim.  However, as the pleadings stand the Court does not need any additional parties in front of it to accord complete relief.  Furthermore, none of these proposed

parties claims an interest in the disposition of the obligations under the Escrow Agreement. Therefore, the Court finds Rule 19(a) does not require the presence of the Proposed Parties. For the above-stated reasons, the Court denies the Fleming Defendants' motions to join the Proposed Parties.

## II. Rule 17 Real Parties in Interest

The Fleming Defendants seek to add NFG,[4] Gene Parrish, and Louis Parrish as real parties in interest. In support of this motion, the Fleming Defendants argue a joint venture consisting of Mr. Chipping, NFG, and Louis Parrish represents the real party in interest. In the alternative, the Fleming Defendants seek to join Gene Parrish as a required party under Rule 19(a).

Rule 17 provides that "action[s] must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Advisory Committee note to Rule 17 states:

> [T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

Fed. R. Civ. P. 17, Committee Note to 1966 Amendment.

As discussed above, the Escrow Agreement required the Fleming Defendants to return funds to Mr. Chipping's personal account. According to Plaintiff, Mr. Chipping—not the joint venture—has the agreement with the Fleming Defendants. Mr. Chipping may have an obligation to share the proceeds of the investment with the joint venture once he receives them, but that obligation does not give rise to a cause of action against the Fleming Defendants by the parties to

---

[4] Gene Parrish manages NFG—a member managed LLC.

the other agreement.  If on the facts alleged the other members of the joint venture have any recourse, it would be against Mr. Chipping—not the Fleming Defendants.[5]

"[T]he effect of Rule 17(a) 'is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right.'" *Lister v. Marangoni Meccanica S.P.A.*, 133 F.R.D. 177, 178 (D. Utah 1990) (citation omitted).  While the Fleming Defendants argue that the Escrow Agreement is really with the joint venture, the evidence remains ambiguous.  In the cited case law these ambiguities do not exist.  Accordingly, the Court finds that NFG, Gene Parrish, and Louis Parrish do not constitute real parties in interest within the meaning of Rule 17(a) and denies the Fleming Defendant's Motion to Join Real Parties in Interest.

The Court also denies the Fleming Defendants' alternative request to join Gene Parrish as a required party.  Gene Parrish may have entered into other agreements as a party, and may have acted as Mr. Chipping's agent in obtaining the Escrow Agreement, but Mr. Chipping very clearly brings this case on the basis of the Escrow Agreement between himself and the Fleming Defendants only.  Therefore, the Court does not need Gene Parrish in front of it to accord complete relief, as the parties have currently pled this case.  Moreover, Gene Parrish does not claim an interest in the disposition of the obligations under the Escrow Agreement.

## CONCLUSION

Where none of the proposed additional parties have expressed an interest in joining the case and the evidence of the role of the proposed parties remains ambiguous, the Court does not

---

[5] In any case, all parties would seem to agree the condition precedent to any payout to the joint venture—the return of the $250,000 investment principal plus an additional $250,000 as a participation fee—has not occurred.

find joinder or substitution of a real party in interest required. For the foregoing reasons, the Court DENIES Defendants' motions for joinder (ECF Nos. 35, 36, 37, 38, 40, 41).

DATED this 26th day of June, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge